UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| DENNIS DOZIER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6: 04-291-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SUN LIFE ASSURANCE COMPANY | ) | **MEMORANDUM OPINION** |
| OF CANADA, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On April 15, 2004, the Court entered an Order in London Civil Action No. 03-93-DCR, *Dozier v. Sun Life Assurance Company of Canada*, dismissing without prejudice, Dozier's claim for Waiver of Life Insurance Premium Benefits. [Record No. 24] At that time, the Court noted that the Plaintiff had failed to exhaust his administrative remedies with respect to this claim. Pursuant to *Ravencraft v. UNUM Life Ins. Co. of America*, 212 F.3d 341 (6th Cir. 2000), this claim was dismissed, without prejudice, to enable Sun Life "efficiently manage [its] fund . . . and to "assemble a factual record [to] assist [the] court in reviewing this claim." *Ravencraft*, 212 F.3d at 343 (citing *Maker v. Health Care Corp. of Mid-Atlantic*, 872 F.2d 80, 83 (4th Cir. 1989).

After dismissal by this Court, it appears from the record that the parties were unclear regarding the basis for the Court's dismissal of this claim, without prejudice. Despite the parties' differences of opinion on this issue, it appears that the Plaintiff unsuccessfully sought administrative review of Sun Life's initial denial of the life insurance coverage/waiver of premium benefit. Specifically, Jeffrey Mando, acting as plan administrator of the Plan [Record

-1-

No. 17, Exhibit A-2], sent a letter on May 19, 2004, to Plaintiff's counsel indicating that "since Mr. Dozier failed to file a request for an administrative review of Sun Life's initial determination denying that benefit, Mr. Dozier has waived his right to pursue that claim." [Record No. 17, Exhibit A-7]

Subsequently, on June 4, 2004, Dozier filed a Complaint in the Knox Circuit Court seeking reversal of Sun Life's denial of this claim. On June 24, 2004, Sun Life removed this action to this Court. The parties have now filed briefs setting forth their respective positions regarding the standard of review applicable in this case. The Plaintiff argues that the Court should apply a *de novo* standard of review to his Waiver of Premium benefit request, while the Defendant asserts that the arbitrary and capricious standard of review applies. Specifically, the Defendant states that "there is no question that Sun life has reserved for itself discretionary authority to determine Dozier's eligibility for 'waiver of premium' benefits." [Record No. 21]

In *Firestone Tire and Rubber Co. v. Bruch*, the Supreme Court set forth two standards of review for ERISA benefit determinations. 489 U.S. 101, 109 (1989). When the retirement plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, an abuse of discretion standard applies. *Id.* at 111. In all other cases, the review is *de novo*. *Id.* at 115. In this case, Sun Life had complete discretionary authority to determine eligibility for benefits under the plan, as it provided that "Sun Life . . . [has] discretionary authority to make all final determinations regarding claims for benefits under the benefit plan insured by this Policy." [Administrative Transcript Record (hereafter "ATR"), p. 61] Additionally, it provides that, "[a]ny decision made by Sun Life in the exercise of this

-2-

authority, including review of denials of benefit[s], is conclusive and binding on all parties." [ATR, p. 61] Therefore, the abuse of discretion standard will apply.

Applying the abuse of discretion standard requires that Sun Life's "decision be upheld if it is the result of a deliberate, principled reasoning process and if it is supported by substantial evidence." *Baker v. United Mine Workers of Am. Health and Retirement Funds*, 929 F.2d 1140, 1144 (6th Cir. 1991) (per curiam). "[W]hen it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." *University Hosp. of Cleveland v. Emerson Elec. Co.*, 202 F.3d 839, 846 (6th Cir. 2000) (quotation and citation omitted).

Pursuant to the Court's Amended Agreed Scheduling Order entered October 19, 2004, the Plaintiff has thirty days from entry of this Order regarding the standard of review to file his motion for judgment in his favor and brief in support thereof. The Defendant shall then have thirty days thereafter to file its motion and brief. In its April 15, 2004, Order the Court dismissed this claim without prejudice to allow the Plaintiff to exhaust his administrative remedies based on the fact that he failed to show that such action would be futile. However, upon remand to the Plan, the Court notes that Sun Life refused to reconsider its decision denying Dozier's claim for Waiver of Premium benefits. Therefore, in addition to addressing the merits of Dozier's claim for Waiver of Premium benefits, the parties should also address in their briefs whether Dozier's failure to administratively appeal Sun Life's May 22, 2002, decision denying this claim constitutes grounds for dismissal with prejudice.

Accordingly, it is hereby **ORDERED** that to the extent the Court reviews Sun Life's

denial of Dozier's Waiver of Premium benefit claim on the merits, the arbitrary and capricious standard of review will apply.

This 14th day of June, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge