UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| DENNIS DOZIER, | ) |
| | ) |
| Plaintiff, | )  Civil Action No. 6: 04-291-DCR |
| | ) |
| V. | ) |
| | ) |
| SUN LIFE ASSURANCE COMPANY | )  **MEMORANDUM OPINION** |
| OF CANADA, | )  **AND ORDER** |
| | ) |
| Defendant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross motions for judgment filed by Plaintiff Dennis Dozier and Defendant Sun Life Assurance Company of Canada (Sun Life). [Record Nos. 42 and 44] Dozier seeks to reverse the decision of Sun Life denying his claim for the life insurance coverage/waiver of premium benefit. Sun Life, however, contends that Dozier failed to exhaust his administrative remedies with respect to this claim. Therefore, it seeks to have his complaint dismissed with prejudice. Having reviewed the parties' pleadings and being sufficiently advised, the Court will construe Defendant Sun Life's motion for judgment as a motion to dismiss and will grant the motion inasmuch as the Court agrees that Dozier failed to exhaust his administrative remedies.

**I.   BACKGROUND**

On April 15, 2004, the Court entered an Order in London Civil Action No. 03-93-DCR, *Dozier v. Sun Life Assurance Company of Canada*, dismissing without prejudice, Dozier's claim

for Waiver of Life Insurance Premium Benefits. [Record No. 24]  At that time, the Court noted that the Plaintiff had failed to exhaust his administrative remedies with respect to this claim. This claim was dismissed without prejudice to enable Sun Life to "efficiently manage [its] fund . . . and to "assemble a factual record [to] assist [the] court in reviewing this claim."  *See Ravencraft v. UNUM Life Ins. Co. of Am.*, 212 F.3d 341, 343 (6th Cir. 2000).

Subsequently, on June 4, 2004, Dozier filed a Complaint in the Knox Circuit Court seeking reversal of Sun Life's denial of the life insurance/Waiver of Premium benefit claim.  On June 24, 2004, Sun Life removed the action to this Court.  In accordance with this Court's Order, the parties filed briefs setting forth their respective positions regarding the standard of review applicable in this case.  After reviewing the parties' briefs, the Court entered an Order noting that, to the extent the Court considered the merits of Dozier's claim for Waiver of Premium benefits, the arbitrary and capricious standard of review would apply.  The Court also requested that the parties address whether Dozier failed to administratively appeal Sun Life's May 22, 2002, decision denying the claim for Waiver of Premium benefits and whether this alleged failure would constitute grounds for dismissal of this action with prejudice.  The parties have now fully briefed these issues.

## II.     ANALYSIS

In *Miller v. Metropolitan Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991), the Sixth Circuit noted that, "[t]he administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit."  Although ERISA does not explicitly command exhaustion, a plan participant must pursue and exhaust plan remedies before gaining

access to the federal courts. *See Baxter v. C.A. Muer Corp.*, 941 F.2d 451, 453-54 (6th Cir. 1991), citing with approval *Makar v. Health Care Corp. of Mid-Atlantic*, 872 F.2d 80, 83 (4th Cir. 1989).

In this case, Dozier acknowledges that he did not exhaust his administrative remedies before filing suit. However, he contends that, under the circumstances of this case, he was not required to do so because the pursuit of such remedies would have been futile. Specifically, Dozier alleges that the denial of his administrative appal requesting long term disability benefits in which Sun Life determined that he was not disabled from performing his *own occupation* made it futile to request an administrative appeal on the denial of his claim for Waiver of Premium benefits which, to overturn on appeal, would require Sun Life to find that he was disabled from performing *any occupation*. According to Dozier, Sun Life's finding that he was not disabled under the more lenient "own occupation" standard constitutes proof that Sun Life *certainly* would have denied his Waiver of Premium claim on appeal. [Record No. 42, p. 16]

In addressing this issue, the Court notes that the Sixth Circuit has recognized futility as an exception to ERISA's exhaustion requirement. *Fallick v. Nationwide Ins. Co.*, 162 F.3d 410, 419 (6th Cir. 1998), held that a court may excuse the exhaustion requirement in those instances "where resorting to the plan's administrative procedure would simply be futile or the remedy inadequate." The court further held that:

> The standard for adjudging the futility of resorting to the administrative remedies provided by a plan is whether a clear and positive indication of futility can be made. A plaintiff must show that it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision.

*Id.* at 419 (citing *Lindemann v. Mobil Oil Corp.*, 79 F.3d 647, 650 (7th Cir. 1996) (internal citations omitted)).

Dozier has not established that it was a certainty that Sun Life would have denied his claim for Waiver of Premium benefits. Lesley Hanslope testified that the Group Life Unit reviews Waiver of Premium applications separate and apart from the Long Term Disability Unit's review of the eligibility for long term disability benefits. Further, she stated that one decision is not predicated on the other. [Record No. 43, Hanslope depo., pp. 10, 21, 29] In support of the argument that an appeal of the Waiver of Premium benefit decision would have been futile, Dozier relies on Hanslope's testimony that it would be "very rare" for Sun Life's Group Life Unit to have approved a claim when the claim for long term disability benefits had been denied. However, Hanslope did not indicate that the Group Life Unit certainly would have denied the claim based on the denial by the Long Term Disability unit.

In short, the evidence of record reflects that Sun Life had a different units that reviewed claims for Waiver of Premium benefits and claims for Long Term Disability benefits. In addition, Hanslope testified that the Group Life Unit's decision was not "partnered" with the Long Term Disability Unit's decision and that a request for Waiver of Premium benefits was reviewed separately from the Long Term Disability Unit's review of the application for Long Term Disability benefits. In fact, the record reflects that Dozier's Long Term Disability and Waiver of Premium claims were decided on different dates by different Sun Life representatives. Thus, this Court must reject Dozier's assertion that an administrative appeal of the denial of his

claim for Waiver of Premium benefits would have been futile based simply on the fact that Sun Life had previously denied his claim for Long Term Disability benefits.

The evidence supports Sun Life's contention that it fully and fairly considered Dozier's initial request for Waiver of Premium benefits. Moreover, Dozier has failed to show that Sun Life's review procedures are inadequate or unfair such that he was denied meaningful access to the Waiver of Premium appeal process. As such, this Court finds that Dozier has, as a matter of law, failed to meet his burden to show futility so as to excuse the usual exhaustion requirement. *See Ravencraft v. UNUM Life Ins. Co. of America*, 212 F.3d 341 (6th Cir. 2000).

The final issue to be addressed is whether this action should be dismissed with or without prejudice. In the initial action, London Civil Action No. 03-93-DCR, *Dozier v. Sun Life Assurance Company of Canada*, the Court dismissed the Waiver of Premium benefit claim without prejudice, to enable Sun Life to "efficiently manage [its] fund . . . and to "assemble a factual record [to] assist [the] court in reviewing this claim." [Record No. 24] Following entry of the Amended Judgment on April 15, 2004, Dozier requested Sun Life to conduct an administrative review of the decision denying his request for Waiver of Premium benefits. Sun Life refused, stating that Dozier had failed to timely exhaust his administrative remedies. The Court finds that, because exhaustion of internal remedies is a prerequisite to judicial review of an ERISA claim for denial or benefits and because the opportunity to pursue administrative remedies under Sun's Life's appeal process has expired, dismissal of this action with prejudice is appropriate. *See Gayle v. United Parcel Service*, 401 F.3d 222 (4th Cir. 2005) (holding that

the failure to timely exhaust the internal appeals process of an ERISA plan required dismissal with prejudice).[1]

Accordingly, for the reasons discussed herein, it is hereby **ORDERED** that:

1. Sun Life's Motion for Judgment, which the Court has construed as a motion to dismiss [Record No. 44], is **GRANTED**;

2. Dozier's Motion for Judgment [Record No. 42] is **DENIED**;

3. Dozier's claim for Waiver of Premium benefits is **DISMISSED**, with prejudice;

4. This action is **STRICKEN** from the Court's active docket;

5. A separate **JUDGMENT** will be entered this date.

This 9th day of September, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[1] In *Gayle*, the Fourth Circuit noted that in those cases where the opportunity to pursue remedies under the plan's appeals process had expired, dismissal with prejudice is appropriate. The Court distinguished those cases from the cases where deadline for filing an administrative appeal had not run, noting that, in those instances, dismissal without prejudice was proper. *Id.* at 230; *see also Ravencraft*, 212 F.3d at 341; *Hickey v. Digital Equipment Corp.*, 43 F.3d 941, 945 (4th Cir. 1995); *Makar*, 872 F.2d at 82.